# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.C.**

**No. 13-0393** (Braxton County 12-JA-21)

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel David Karickhoff, from the April 11, 2013 order of the Circuit Court of Braxton County that terminated his parental and custodial rights to J.C. The guardian ad litem, Clinton Bischoff, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Angela Walters, filed a response in support of the circuit court's order. Petitioner Father filed a reply. On appeal, Petitioner Father argues that the circuit court erred in terminating his parental and custodial rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, the DHHR filed a petition alleging that Petitioner Father failed to supply the child with necessary food, clothing, shelter, supervision, medical care, or education. The petition also alleged that Petitioner Father abused the child by allowing the biological mother to consume illegal drugs while she was pregnant and that he engaged in domestic violence. The DHHR filed an amended petition in August of 2012, alleging that Petitioner Father had a prior substantiated abuse and neglect case in which he declined to participate in DHHR services. On August 30, 2012, the circuit court held an adjudicatory hearing during which Petitioner Father admitted to knowing about the biological mother's history of substance abuse; that there was a domestic dispute in March of 2012, that did not involve law enforcement; and that he had a previous abuse and neglect case which was substantiated and that he declined to participate in DHHR services and opted to have no further contact with the children.

Petitioner Father was granted a post-adjudicatory improvement period during the biological mother's dispositional hearing held on September 19, 2012. Specifically, Petitioner Father was ordered to remain drug and alcohol free, to submit to random drug screens, to refrain from engaging in domestic violence, to attend parenting classes, to obtain fit and suitable housing, and to not come within 1,000 feet of the mother. A review hearing was held on December 18, 2012, during which the circuit court found that Petitioner Father was compliant with the terms and conditions of his improvement period. However, on January 10, 2013, the DHHR filed a motion to terminate Petitioner Father's post-adjudicatory improvement period for violating its terms. In February of 2013, the circuit court suspended Petitioner Father's visitation

1

and scheduled an evidentiary hearing on the DHHR's motion. Shortly after Petitioner Father's visitation rights were suspended the circuit court held an evidentiary hearing on February 22, 2013, and terminated his parental rights. It is from this order that Petitioner Father appeals. Petitioner Father argues that the circuit court did not follow proper procedure in the disposition of this case and there was no additional evidence of abuse or neglect.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's finding that there was no reasonable likelihood that Petitioner Father could substantially correct the conditions of abuse and neglect in the foreseeable future. West Virginia Code § 49-6-5(b)(3) states that a circumstance in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected in the near future circumstances in which "[t]he abusing parent . . . [has] not responded or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." A child protective services worker testified that Petitioner Father stopped attending parenting skills classes, batterer's group, and visitation. Petitioner testified the he maintained a relationship with the biological mother and stopped participating in services in direct violation of his improvement period. Petitioner Father even appeared with the biological mother during the hearing despite having been ordered to stay 1,000 feet away from her as a term and condition of his improvement period. For these reasons, and because the circuit court found that termination was in the child's best interest, the circuit court did not err in terminating Petitioner Father's parental and custodial rights to the child as directed by West Virginia Code 49-6-5(a)(6).

For the foregoing reasons, we affirm the circuit court's order terminating Petitioner Father's parental and custodial rights.

Affirmed.

**ISSUED:**  October 1, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II